UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**TRACY LYNN WALL,**
                            **Plaintiff,**

                **-v-**                                                 **1:05-CV-1199**

**BALLSTON SPA CENTRAL SCHOOL DISTRICT; DR. JOHN R. GRATTO, Individually and in his official capacity as Superintendent of Schools; PATRICIA HEIDELMARK, Individually and in her official capacity as Chair of the Committee on Special Education; CARROL BREWER, Individually and in her official capacity as the Director of Pupil Services, THE BOARD OF EDUCATION OF THE BALLSTON SPA CENTRAL SCHOOL DISTRICT; KATHY JARVIS, Individually and in her official capacity as Member of the Board of Education of the Ballston Spa Central School District; KEITH STEWART, Individually and in his official capacity as Member of the Board of Education of the Ballston Spa Central School District; EUGENE HICKOK, Individually and in his official capacity as Member of the Board of Education of the Ballston Spa Central School District; and PATRICK LEANZA, Individually and in his official capacity as Member of the Board of Education of the Ballston Spa Central School District;**
                            **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:
Galvin & Morgan
James E. Morgan, Esq., of Counsel
217 Delaware Avenue
Delmar, New York 12054
Attorneys for Plaintiff

Girvin & Ferlazzo, P.C.
Gregg T. Johnson, Esq., of Counsel
Jacinda Hall Conboy, Esq., of Counsel
Scott P. Quesnel, Esq., of Counsel
20 Corporate Woods Boulevard
Albany, New York 12211-2350
Attorneys for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

                            **MEMORANDUM-DECISION AND ORDER**

                                      **INTRODUCTION**

Plaintiff filed her complaint on September 21, 2005. On May 4, 2006, defendants moved (Dkt. No. 25) pursuant to Fed. R. Civ. P. 12(c) to dismiss certain claims and to consolidate this action with *Ford v. Ballston Spa Central School District, et al.*, 05-CV-1198. Plaintiff has submitted no opposition to the motion. For the reasons set forth below, the motion is granted.

## BACKGROUND

Very briefly, plaintiff's complaint alleges that she had been employed by the defendant School District since 1987; that at the times in issue she held the position of Region Manager at the Head Start Program which had been administered by defendant Ballston Spa Central School District ("School District") since 1965; that she engaged in certain protected activities such as speaking to the press on issues of public concern and engaging in collective bargaining activity; that in retaliation for plaintiff's engagement in these activities, defendants voted on April 27, 2004, to "relinquish" the Head Start Program grant; that on June 30, 2004, defendants no longer administered the Head Start Program grant; and that as a result plaintiff was no longer employed by the School District.

The complaint sets forth the following causes of action: first, denial of civil rights under 42 U.S.C. § 1983; second, adverse employment action in retaliation for her exercise of the right to free speech; third, adverse employment action in retaliation for her exercise of the right to freedom of association; fourth, conspiracy to retaliate against her for exercising her constitutional rights; fifth, denial of her right to collective bargaining; sixth, unequal treatment with intent to inhibit or punish her exercise of her constitutional rights; seventh, municipal liability under *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658 (1978), for depriving plaintiff of her constitutional rights; eighth, that defendants deprived plaintiff of her constitutional rights in accordance with the custom, policy and/or practice of the School District and Board of Education

of the Ballston Spa Central School District ("Board of Education") by voting to relinquish the Head Start Program grant; ninth, that defendants deprived plaintiff of her constitutional rights in accordance with the custom, policy and/or practice of the School District and Board of Education by voting to relinquish the Head Start Program grant; tenth, that defendant's actions were done with the purpose of depriving plaintiff of her right of free speech under the New York State Constitution, Art. 1, § 8; eleventh, that defendant's actions were done with the purpose of depriving plaintiff of her right of free association under the New York State Constitution, Art. 1, § 8; and twelfth, that defendant's actions were done with the purpose of depriving plaintiff of her right to engage in collective bargaining under the New York State Constitution, Art. 1, § 8. Plaintiff seeks declaratory and injunctive relief, monetary relief, and an award of costs and attorney's fees.

### INDIVIDUAL BOARD MEMBERS

By Stipulation dated January 24, 2007 (Dkt. No. 32), plaintiff discontinued with prejudice all claims against all individual defendants in their individual capacities. Thus, the claims remaining against Kathy Jarvis, Keith Stewart, Eugene Hickock, and Patrick Leanza, are claims against them in their official capacities as members of the Board of Education. The real party in interest in these official capacity claims is the Board of Education. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Pritzker v. City of Hudson*, 26 F.Supp.2d 433, 444 (N.D.N.Y. 1998). The official capacity claims against Jarvis, Stewart, Hickock, and Leanza are thus redundant to the claims against the Board of Education, and are dismissed.

### NEW YORK CAUSES OF ACTION

Plaintiff's complaint sets forth three causes of action under the New York State Constitution. Specifically, plaintiff claims in her tenth cause of action that defendant's actions were done with the purpose of depriving plaintiff of her right of free speech under the New York

-3-

State Constitution, Art. 1, § 8; she claims in her eleventh cause of action that defendant's actions were done with the purpose of depriving her of her right of free association under the New York State Constitution, Art. 1, § 8; and she claims in her twelfth cause of action that defendant's actions were done with the purpose of depriving her of her right to engage in collective bargaining under the New York State Constitution, Art. 1, § 8.

Under New York law, no action shall be prosecuted against a school district unless "a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim[.]" N.Y. Educ. Law § 3813(1).[1] The accrual of a "claim" under section 3813(1) occurs "when damages have matured and become certain and ascertainable." *Matter of Chanecka v. Board of Educ. Broome-Tioga BOCES*, 663 N.Y.S.2d 681, 683 (3d Dep't 1997). New York courts hold that "[t]he key to ascertaining a claim's accrual date is to look at the crux of the challenge being asserted." *Board of Educ. of Union-Endicott Cent. Sch. Dist. v. New York State*, 681 N.Y.S.2d 391, 394 (3d Dep't 1998).

Defendants argue that plaintiff's claim accrued on April 27, 2004, when defendants voted not to apply for the Head Start Program grant for the upcoming year. If defendants are correct, plaintiff's filing of her notice of claim on September 14, 2004, was untimely. If, however, plaintiff's claim accrued on June 30, 2004, the date that the district ceased to administer the grant, her notice of claim was timely filed.

Relevant portions of the complaint include the following:

> 88. Upon information and belief, as a result of the plaintiff exercising her rights, privileges and/or immunities described herein, the defendant Dr. John R. Gratto recommended that the defendant School District relinquish the Grant.

---

[1] While the notice of claim requirement does not apply to federal civil rights claims, it does apply to supplemental state law claims brought in federal court. *See Harrington v. County of Fulton*, 153 F.Supp.2d 164, 172 (N.D.N.Y. 2001).

-4-

89. Upon information and belief, the reasons which the defendant Dr. John R. Gratto set forth as a basis in relinquishing the Grant, was [*sic*] without substantial or rational reason and against any degree of rationality.

90. The defendant Dr. John R. Gratto engaged in a pattern and activity for the sole purpose of retaliating against the plaintiff solely by virtue of the plaintiff exercising the rights, privileges and/or immunities described herein.

91. The defendant Board of Education was fully aware, or should have been aware, of the actions by the defendant Dr. John R. Gratto in retaliating against the plaintiff.

92. The defendant Board of Education was fully aware or should have been aware, of the pattern and practice of the defendants in treating the plaintiff with deliberate indifference and in retaliating against the plaintiff.

93. The defendant Board of Education ratified the retaliatory conduct of defendants on or about April 27, 2004, by voting to relinquish the Grant.

94. That as a result of the defendants' activities, the Board of Education of the defendant School District voted to relinquish the Grant.

95. The defendant Kathy Jarvis was fully aware, or should have been aware, of the actions by the defendant Dr. John R. Gratto in retaliating again [*sic*] the plaintiff.

96. The defendant Kathy Jarvis was fully aware or should have been aware, of the pattern and practice of the defendants in treating the plaintiff with deliberate indifference and in retaliating against the plaintiff.

97. The defendant Kathy Jarvis ratified the retaliatory conduct of defendants on or about April 27, 2004, by voting to relinquish the Grant.

98. That as a result of the defendants' activities, the defendant Kathy Jarvis of the Defendant School District voted to relinquish the Grant.

\*\*\*

[In paragraphs 99 through 110, Plaintiff asserts virtually identical claims against the other defendants.]

111. As a result of the Grant being relinquished by the defendants, the plaintiff was caused to have her employment terminated.

112. That as a result of the conduct of the defendants, the plaintiff was caused to suffer economic harm by virtue of the actions of the defendants.

113. That the plaintiff has sustained severe mental anguish and emotional distress as a result of the defendants' conduct.

Clearly, the crux of plaintiff's claim is that defendants "vot[ed] to relinquish" the Head Start Program grant in retaliation against her for exercising her rights. Thus, the conduct of which she complains occurred on April 27, 2004, when defendants voted not to apply for the grant for the upcoming year. It was on this date that plaintiff's alleged damages matured and became certain, because on this date it was conclusively determined that defendants' administration of the program would cease when the current year's grant expired, resulting in termination of plaintiff's employment. There is no basis to hold that plaintiff's claim accrued on June 30, 2004, the date that defendants' administration of the program actually ceased. The fact that defendants' administration of the program would cease had already become certain and ascertainable on April 27, 2004, when the vote was taken not to apply for the grant for the following year. Thus, plaintiff's claim accrued within the meaning of section 3813(1) on April 27, 2004, and plaintiff's filing of her notice of claim on September 14, 2004, was untimely.

Accordingly, the tenth, eleventh, and twelfth causes of action are dismissed on the ground of failure to file a timely notice of claim.

## CONSOLIDATION

Defendants seek consolidation of this action with 1:05-CV-1198, *Nancy Ford v. Ballston Spa Central School District, et al.* The complaints in the two actions are virtually identical except for the allegations concerning the plaintiffs' positions with the School District; plaintiff Ford in 05-CV-1198 held the position of Parent Education/Home Based Manager, and plaintiff Wall in 05-CV-1199 held the position of Region Manager. Both allege that they held these positions "up until June 30, 2004, when the defendant School District relinquished the Head Start Grant."

Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate actions involving a common question of law or fact. Inasmuch as the claims in the two actions are virtually identical and stem from the same series of incidents, they clearly present common

-6-

questions of law and fact. The Court in its discretion consolidates the two actions.

## CONCLUSION

It is therefore

ORDERED that, in accordance with the Stipulation dated January 24, 2007 (Dkt. No. 32) all claims against all individual defendants in their individual capacities are dismissed; and it is further

ORDERED that defendants' motion (Dkt. No. 25) is granted; and it is further

ORDERED that all claims against Kathy Jarvis, Keith Stewart, Eugene Hickock, and Patrick Leanza in their official capacities are dismissed; and it is further

ORDERED that the tenth, eleventh and twelfth causes of action are dismissed; and it is further

ORDERED that this action is hereby consolidated with 05-CV-1198, *Ford v. Ballston Spa Central School District, et al.*, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and it is further

ORDERED that Civil Case No. 1:05-CV-1198 shall be designated as the Lead case, and Civil Case No. 1:05-CV-1199 shall be designated as the Member case, it is further

ORDERED that the cases remain assigned to Chief U.S. District Judge Norman A. Mordue and Magistrate Judge Randolph F. Treece.

IT IS SO ORDERED.

February 22, 2007
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge